Contracts; Wunderlich Act review; default termination; cure notice; sustantial performance; bad faith and prejudice; constructive changes. — Plaintiff seeks review under Wun-derlich Act standards, 42 U.S.C. §§ 321-22 (1976), of a decision of the Armed Services Board of Contract Appeals (the board) upholding the default termination of a contract plaintiff had with the Navy to deliver one automatic, vertical, single spindle honing machine to the Naval Air Station, Jacksonville, Florida. The contract specifications required that the machine, before acceptance and delivery, pass certain performance tests, one of which was a metal removal rate test. During final acceptance inspection and tests, plaintiffs machine was unable to pass the metal removal rate test. The contract was subsequently terminated for default due to plaintiffs failure to make delivery of the machine within the time specified in the contract as amended. On September 5, 1980 Trial Judge Thomas J. Lydon filed a recommended opinion (reported in full at 27 CCF para. 80,663), affirming the decision of the board. The trial judge found, inter alia, (1) that plaintiff was not entitled to a 10-day cure notice under the failure to perform *494 or make progress provision of the contract since the contract was properly terminated for default pursuant to the failure to deliver clause; (2) that plaintiff is not entitled to invoke the doctrine of substantial performance and argue entitlement to additional time within which to remedy the test deficiencies since plaintiff had no reason to believe the machine conformed to contract requirements and plaintiff failed to make timely delivery; (3) that there was no bad faith or prejudice on the part of the board; and (4) that the board’s findings on the constructive change claims advanced by plaintiff cannot be disturbed because they are not contravened by any evidence in the record that is overwhelming, and are otherwise supported by substantial evidence. On October 20, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.